1  
2  
3  

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **JAMES WHELAN ET AL.** | Case No. SA 21-CV-1706-DOC-JDE |
| Plaintiffs, | |
| vs. | **ORDER CONSOLIDATING CASES AND APPOINTING INTERIM CO-LEAD COUNSEL** |
| **AMPLIFY ENERGY CORP. ET AL.,** | |
| Defendants. | |

On December 15, 2021, the Court heard presentations from several counsel for Plaintiffs in support of their applications to be appointed as interim co-lead class counsel.

At the outset, the Court thanks the authors of the Joint Rule 26(f) Report (Dkt. 30) and all counsel for their thoughtful and extensive submissions on the structure of this litigation. The filings represent a thorough consideration of the complexity of the issues presented in these pretrial proceedings.

## I. Case Consolidation

The Court finds that consolidating these cases will streamline the litigation, increase efficiency, and preserve the Court's and parties' resources. Accordingly, the Court consolidates cases 8:21-cv-01628-DOC-JDE, 8:21-cv-01658-DOC-JDE, 8:21-cv-01680-DOC-JDE, 8:21-cv-01684-DOC-JDE, 8:21-cv-01685-DOC-JDE, 8:21-cv-01686-DOC-JDE, 8:21-cv-01694-DOC-JDE, 8:21-cv-01706-DOC-JDE, 8:21-cv-01714-DOC-JDE, 8:21-cv-01722-DOC-JDE, 8:21-cv-01725-DOC-JDE, and 8:21-cv-01738-DOC-JDE. All future filings shall be filed only under the low number case, 8:21-cv-01628-DOC-JDE. Any party or counsel not listed on the low number case shall file a Notice of Appearance in that case.

Cases 8:21-cv-01658-DOC-JDE, 8:21-cv-01680-DOC-JDE, 8:21-cv-01684-DOC-JDE, 8:21-cv-01685-DOC-JDE, 8:21-cv-01686-DOC-JDE, 8:21-cv-01694-DOC-JDE, 8:21-cv-01706-DOC-JDE, 8:21-cv-01714-DOC-JDE, 8:21-cv-01722-DOC-JDE, 8:21-cv-01725-DOC-JDE, and 8:21-cv-01738-DOC-JDE are hereby administratively closed. No further filings shall be filed in those cases.

## II. Adoption of Structure

The Court finds that Plaintiffs' counsel should be structured as an interim lead counsel committee, consisting of three interim co-leads. The Committee will have the duties outlined in the Manual for Complex Litigation (Fourth) § 22.62.

### III. Interim Lead Co-Counsel Appointments

The Court considered the following factors when choosing interim co-lead counsel:

- Longstanding connection to the affected communities, namely Orange and Los Angeles Counties;
- Experience handling class actions and other complex litigation;
- Experience in litigation involving similar facts and issues to those in these cases;
- Work done identifying or investigating potential claims in this action;
- Knowledge of the applicable law (including environmental and bankruptcy law); and
- The resources that counsel will commit to representing the class.

After considering the presentations and these factors, the Court was impressed by the qualifications of all counsel. At this juncture the Court makes the interim appointments listed below in alphabetical order. The appointments are individual in nature, and although the Court anticipates that appointees will draw on the resources of their firms, and may draw on any other firms representing Plaintiffs in this action, the appointee is the member of the committee and is responsible for the duties which they assume.

- Wiley Aitken, Aitken * Aitken * Cohn
- Lexi Hazam, Lieff Cabraser Heimann & Bernstein, LLP
- Stephen Larson, Larson LLP

### IV. Special Masters

Pursuant to Federal Rule of Civil Procedure 53 and the inherent authority of the Court, the Court proposes appointing Judge James Smith, Bradley O'Brien, and Daniel Garrie as

Special Masters to assist the Court in this litigation. The Court anticipates, with the parties' consent, that the Special Masters would have the authority to perform the following duties or otherwise advise the Court:

(a) Assist with preparation for attorney conferences (including formulating agendas), court scheduling, and negotiating changes to the case management order;

(b) Establish discovery and other schedules, review and attempt to resolve informally any discovery conflicts (including issues such as privilege, confidentiality, and access to records), and supervise discovery;

(c) Oversee management of docketing, including the identification and processing of matters requiring court rulings;

(d) Direct, supervise, monitor, and report upon implementation and compliance with the Court's orders, and make findings and recommendations on remedial action if required;

(e) Propose structures and strategies for settlement negotiations on the merits, and on any subsidiary issues, and evaluate the parties' claims and defenses, as may become necessary;

(f) Propose structures and strategies for attorney fee issues and review and evaluate fee applications;

(g) Make formal or informal recommendations and reports to the parties, and make recommendations and reports to the Court, regarding any matter pertinent to this action, as ordered by the Court;

(h) Make periodic status reports to the Court;

(i) Communicate with parties and attorneys as needs may arise in order to permit the full and efficient performance of these duties;

(j) Monitor depositions and other proceedings as required; and

    (k) Engage in ex parte communications with the Court regarding non-substantive issues.

The parties are requested to file responses of no more than five pages with their consent or objections to the proposed Special Masters by 5:00 pm on **Wednesday December 23, 2022**.

### V. Filing Schedule

The interim co-lead class counsel will be responsible for filing a consolidated amended class action complaint or complaints on behalf of all Plaintiffs in these cases. The consolidated complaint(s) shall be filed by **Friday January 28, 2022**.

Given the below proposed case schedule and the Court's interest in an efficient resolution, the Plaintiff in *Hill's Boat Service, Inc. v. Amplify Energy Corp. et al.*, 8:21-cv-01734-DOC will have until **Friday January 28, 2022** to join the consolidated amended complaint or file a separate amended complaint.

Defendants' response to any amended complaint(s) filed in the consolidated action and/or the *Hill's Boat Service* action shall be due within 30 days after such complaint(s) is filed, no later than **Monday February 28, 2022**.

### VI. Case Schedule

Given the complexity and urgency of this case, the parties can and should move forward with full discovery as authorized by Federal Rule of Civil Procedure 26(a) and the Court's Standing Order.

The Court is tentatively considering adopting Plaintiffs' proposed timeline. As such, the parties should prepare for a trial date in September 2023.

The Court recognizes that there are outstanding discovery issues such as the number of depositions and interrogatories. The Court will address those issues at a Status Conference on

**Wednesday January 19, 2022**; the parties should meet and confer with the Special Masters before that date. In order to expedite discovery, the parties should proceed in accordance with Federal Rules of Civil Procedure 31 and 33 until the Status Conference.

**IT IS SO ORDERED.**

DATED: December 20, 2021

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE